UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**GRANT AYERS**                                                                             **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 3:05CV75**

**CITY OF HOLLY SPRINGS, MISSISSIPPI
and JOSEPH THOMAS, SR., in his individual
capacity**                                                                 **DEFENDANTS**

## ORDER

This cause comes before the court on its own motion addressing jury instruction issues in this case. In its prior order on the defendants' motion for summary judgment, this court ruled as follows:

> It appears that the only state law claim which even arguably applies to [Thomas] is one for intentional infliction of emotional distress, but it seems to this court that Thomas' actions are best addressed under federal Constitutional law. Moreover, a one-year statute of limitations applicable to IIED actions bars recovery for this tort under Mississippi law.

In spite of this language, plaintiff has submitted proposed jury instructions asserting various state law claims against Thomas individually, including malicious prosecution claims, which are, like IIED claims, subject to a one-year statute of limitations. *See Junior Food Stores, Inc. v. Rice*, 671 So. 2d 67, 73 (Miss. 1996).[1] The court therefore re-affirms that no state law claims may be asserted against Officer Thomas at trial.

---

[1] The plaintiff was found not guilty of charges of making a threat against Officer Thomas on December 4, 2003, in Holly Springs Municipal Court. Plaintiff's malicious prosecution claim, which is a malice-based claim outside of the scope of the Mississippi Tort Claims Act, was not filed until June 17, 2005 and is thus untimely.

1

This court likewise reaffirms its inclination, expressed in its summary judgment order, that plaintiff's First Amendment retaliation claims are the only federal claims which will go before the jury in this case. The court will give plaintiff an opportunity to establish that a Fourth Amendment violation occurred in this case, but this court noted in its summary judgment order that:

> Plaintiff's Fourth Amendment claims against Officer Thomas are more problematic. ... Plaintiff argues that Officer Thomas lacked probable cause to make the traffic stop in this case, but it appears that the issues relating to the initial traffic stop are essentially a case of "he said, she said." That is, plaintiff asserts that he did not run a red light, while Officer Thomas asserts that he did. As reprehensible as Officer Thomas' subsequent conduct may have been, a Fourth Amendment violation is not established so long as Thomas actually had reason to believe that plaintiff did, in fact, run the red light in question. Plaintiff alleges that Thomas stated that he was "going to give him a ticket no matter what anyone said." Accepting this statement as true, this would still not be evidence of a Fourth Amendment violation if Officer Thomas had actually seen plaintiff run the red light in question. Assuming that Officer Thomas genuinely believed that plaintiff had run the red light in question, it is understandable that he would be unwilling to be "talked out of" giving plaintiff a ticket. The court is hesitant to find fact issues in this regard, given that this would seemingly open the possibility for a Fourth Amendment lawsuit in every case in which a plaintiff disputes the facts surrounding an underlying traffic stop.

Thus, barring evidence of a Fourth Amendment violation other than that described above, plaintiff's Fourth Amendment claims will likely not go before the jury in this case.

The Court would finally note that, even as to plaintiff's First Amendment retaliation claims, the issue of damages appears to be a problematic one for plaintiff. In the court's experience, most First Amendment retaliation claims involve workplace claims where lost wages or other pecuniary damages are present. In this case, by contrast, it does not appear that plaintiff has suffered any pecuniary harm at all. For this reason, the court advised the plaintiff in its summary judgment ruling that "[i]t does appear that the allegations in this case are close to the

2

threshold of involving mere verbal harassment as to which recovery may not be available, and it is not at all clear that plaintiff will be entitled to recover a significant amount of damages based upon the allegations in this case."

This court has recently reaffirmed to the parties, in a phone conference, its concerns regarding whether plaintiff will be able to establish a right to recover anything more than nominal damages in this case. Emotional distress damages may only be recovered if the plaintiff can demonstrate a "specific discernable injury to [his] emotional state" resulting from a constitutional violation, proven with evidence regarding the "nature and extent" of the harm. *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 938-40 (5th Cir.1996), *applying Carey v. Piphus*, 435 U.S. 247, 248, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978). The court has doubts as to whether plaintiff will be able to present proof of a "specific discernable injury to [his] emotional state" based solely upon the confrontation with Officer Thomas in this case. Moreover, attorneys' fees are generally not available in cases where a plaintiff establishes a right to recover nothing more than nominal damages. *See Farrar v. Hobby*, 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).[2]

In light of the foregoing, the court has encouraged the parties to settle this case, and Thomas assured this court that he had made a settlement offer. Plaintiff appears to be under the impression that this case is worth more than it likely is, and this court therefore notes for the record, once again, its impressions in this regard. Plaintiff is under no obligation to accept this

---

[2]Plaintiff seeks punitive damages in this case, but it is this court's inclination not to permit the jury to consider such damages. While Officer Thomas's alleged actions were certainly reprehensible, it appears that they resulted more from a loss of temper at seeing a complaint lodged against him than from an "evil motive or intent." *See Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003).

3

court's evaluation in this regard, but this evaluation will likely inform its analysis regarding the awarding of attorney's fees in this case.

SO ORDERED, this the 29th day of February, 2008.

        **/s/ MICHAEL P. MILLS**
        **CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF MISSISSIPPI**